This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**v.**                                    **NO. 27,292**

**DEBBIE CRUZ,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF MCKINLEY COUNTY**
**Robert A. Aragon, District Judge**

Gary K. King, Attorney General
Ann M. Harvey, Assistant Attorney General
Santa Fe, NM

for Appellee

Jacqueline L. Cooper, Chief Public Defender
Carlos Ruiz de la Torre, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**FRY, Judge.**

This case is before us on remand from our Supreme Court to consider issues raised by Defendant but not decided in our initial opinion. *See State v. Cruz*, 2011-NMSC-038, ¶ 40, 150 N.M. 548, 263 P.3d 890. We affirm.

**BACKGROUND**

Because the parties are familiar with the procedural and factual background and because this is a memorandum opinion, we do not provide a detailed summary of this case. We highlight pertinent facts and procedure in connection with the issues analyzed.

Defendant raises three issues that were not decided in our previous opinion, arguing that: (1) there was insufficient evidence that Defendant had the intent necessary to convict her of issuing a worthless check, (2) the district court erred in denying Defendant's motion for mistrial based on alleged prosecutorial misconduct, and (3) the district court should have excused two potential jurors for cause. Defendant raises two additional issues, which we decline to address because they were raised for the first time in the reply brief.

**DISCUSSION**

**Sufficiency of Evidence of Intent**

Defendant contends that there was insufficient evidence to support the jury's finding of intent. "In reviewing the sufficiency of the evidence, we must view the

evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict." *State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176.

In order to convict Defendant of issuing a worthless check, contrary to NMSA 1978, Section 30-36-4 (1963), the jury was required to find the following element of intent: "When [D]efendant issued the check she knew that there would be neither sufficient funds nor credit for payment of the check in full." Defendant maintains that "there was no evidence that she was aware that [DGM]'s bank account had insufficient funds to issue the checks . . . in this case."

We disagree. The evidence and the reasonable inferences drawn from the evidence support the element of intent. Testimony at trial established that Defendant was the owner and president of DGM and that her duties included meeting payrolL. Defendant signed the paychecks for the employees of DGM. DGM's construction superintendent, George Mulvaney, or Defendant reported the workers' hours to one of DGM's contract bookkeepers, and the boo2kkeepers prepared the paychecks. Defendant signed all of the checks that were the subject of the charges in this case. Mulvaney then delivered the paychecks to the recipients.

The contract bookkeepers reconciled bank statements for DGM, and Defendant provided them with the bank deposit receipts and the bank statements. Once in a

while, Defendant told the bookkeepers that certain checks had not cleared, or the bookkeepers received NSF (non-sufficient funds) notices from the bank. On a couple of occasions, Defendant said that "she wasn't sure how payroll was going to clear." The last bank statement the bookkeepers received was for April 2002, so they were unable to reconcile the books in May, June, or July.

Joe Milosevich testified that he ran the trading post where DGM employees cashed the payroll checks that were the subject of the charges in this case. The checks were issued during June 2002, after Defendant had stopped providing the bookkeepers with bank statements. The checks were sent back to Milosevich for insufficient funds, he sent them back through two more times without success, and the third time, he received notice that the bank account was closed. He sent a certified letter to DGM asking for payment of the checks, but the letter was returned unclaimed.

This evidence gives rise to the reasonable inference that Defendant—the owner and president of DGM, who supplied the bookkeepers with deposit receipts and bank statements and who signed the payroll checks—knew that there were not sufficient funds or credit to cover the checks in question when she issued the checks. We therefore conclude that sufficient evidence supported the element of intent found by the jury.

**Denial of Motion for Mistrial**

4

When the prosecutor sought to introduce records from DGM's checking account, Defendant objected, but the district court allowed the prosecutor to complete his proffer before hearing the basis for Defendant's objection. The prosecutor stated that he was offering "self-authenticating documents from Wells Fargo Bank that . . . may contain the account applications and signature cards for the account in question in which the checks have failed to clear." The district court then sustained Defendant's objection to the lack of foundation for admission of the records. On appeal, Defendant argues that the prosecutor's reference to the bank records "had the effect of causing the jury to believe that there was documentary evidence to establish that the labor and issuance of checks constituted a contemporaneous transaction."

We are not persuaded. Defendant's assertion of prejudice rests on her theory of the case that was ultimately rejected by our Supreme Court. Defendant argued that her convictions could not stand because the State failed to prove that the check recipients' performance of labor was contemporaneous with the issuance of the checks. The Supreme Court, in considering that argument, "reject[ed] the requirement of a contemporaneous transaction." *Cruz*, 2011-NMSC-038, ¶ 39. Because the basis of the prejudice allegedly resulting from the prosecutor's comments is without merit, there is no ground for reversal on this issue. *See State v. Fernandez*, 117 N.M. 673,

676, 875 P.2d 1104, 1107 (Ct. App. 1994) ("In the absence of prejudice, there is no reversible error.").

**Failure to Excuse Potential Jurors**

Defendant argues that the district court should have excused potential jurors Eby and Britain for cause. During voir dire, defense counsel asked juror Eby whether the district attorney's prior prosecution of his son would affect his ability to be fair and impartial, and Eby responded, "It couldn't affect me in any way because my son got what he deserved." Defense counsel later challenged Eby for cause because "there's a certain amount of resentment and bitterness in the tone of his voice towards the system." In addition, Officer Fosek, who was apparently the bailiff, stated that when Eby checked in that morning, he told Fosek that he "hate[d] being back here after going through everything that we went [through] earlier this year." Defense counsel also challenged juror Britain for cause because her son was a state police officer and she was a customer of Joe Milosevich, and defense counsel thought that "her relationship is . . . too close." The district court denied the challenges to both Eby and Britain, and Defendant used peremptory strikes on those jurors.

"The decision whether to excuse prospective jurors for cause rests within the sound discretion of the trial court and is reviewed under an abuse of discretion standard." *State v. Jacobs*, 2000-NMSC-026, ¶ 19, 129 N.M. 448, 10 P.3d 127. In this case, there is nothing suggesting that either Eby or Britain would be unable to be fair and impartial jurors. Defense counsel apparently did not even bother to question

Britain during voir dire, and Eby expressly stated that he could be fair. Therefore, we conclude that the district court did not abuse its discretion in denying Defendant's challenges for cause.

**Issues Raised in Reply Brief**

Defendant raises two issues for the first time in her reply brief. She argues that: (1) the June 2002 bank statement, which was excluded from evidence on Defendant's objection, establishes that there were sufficient funds to cover at least two of the checks that formed the basis of the charges against Defendant; and (2) Defendant received ineffective assistance of counsel. We do not address issues raised for the first time in the reply brief. *State v. Fairweather,* 116 N.M. 456, 463, 863 P.2d 1077, 1084 (1993).

With respect to the first issue, Defendant argues that we should overlook her failure to raise the issue in her brief in chief because the information came to light after the State obtained the exhibits for preparation of its answer brief. It is true that the State filed a motion to supplement the record with the exhibits after Defendant filed her brief in chief. However, this does not excuse Defendant's failure to timely raise the issue. "It is [D]efendant's burden to bring up a record sufficient for review of the issues [s]he raises on appeal." *State v. Jim,* 107 N.M. 779, 780, 765 P.2d 195, 196 (Ct. App. 1988).

8

**CONCLUSION**

We affirm Defendant's convictions.

**IT IS SO ORDERED.**

_____
**CYNTHIA A. FRY, Judge**

**WE CONCUR:**

_____
**JONATHAN B. SUTIN, Judge**

_____
**RODERICK T. KENNEDY, Judge**